**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **KEYNA ROBERSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Cause No. 1:25-cv-00397-ALT** |
| | ) |
| **PARKVIEW HOSPITAL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## OPINION AND ORDER

On March 10, 2026, Defendant filed a motion for sanctions requesting dismissal of this action and/or any and all costs and attorney fees for Plaintiff's failure to appear at two scheduled depositions. (ECF 18). On March 31, 2026, Plaintiff filed a response in opposition. (ECF 23). Defendant did not file a reply, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-3(d)(3). The motion is now ripe. For the following reasons, the motion for sanctions (ECF 18) will be GRANTED in part and DENIED in part.

### I.    Facts and Background

On or about February 4, 2026, Defendant served a Notice of Deposition to Plaintiff's counsel, notifying Plaintiff that her deposition was scheduled for February 25, 2026, at 9:00 a.m., at the offices of Close & Hitchcock, LLC. (ECF 18-1). Although Plaintiff's counsel, Defendant's counsel, and the court reporter appeared at that time, Plaintiff did not appear. (ECF 18 at 2; ECF 23 at 1).

Plaintiff now explains that she contacted her attorney prior to the scheduled start time of 9:00 a.m., indicating that she was ill with a fever and could not attend her deposition. (ECF 23 at

1). Plaintiff's messages were only discovered by a Close & Hitchcock staff member approximately fifteen minutes before the scheduled start time. (*Id.*). Unfortunately, this did not give Plaintiff's counsel adequate time to notify Defendant's counsel of the need to reschedule before Defendant's counsel arrived for the deposition. (*Id.*).

Plaintiff's deposition was then rescheduled to March 4, 2026, and Defendant served another Notice of Deposition, again for 9:00 a.m. at the offices of Close & Hitchcock, LLC. (ECF 18-3). Plaintiff confirmed that she would attend. (ECF 23 at 1). Although Plaintiff's counsel, Defendant's counsel, and the court reporter appeared at that time, Plaintiff did not appear. (ECF 18 at 3; ECF 23 at 1-2).

Plaintiff explains that on March 4, 2026, she was suffering from ongoing debilitating mental health challenges, and after multiple days of little to no sleep, inadvertently slept through her alarm and did not attend the rescheduled deposition. (ECF 23 at 2).

On March 24, 2026, Plaintiff, Plaintiff's counsel, and Defendant's counsel appeared in person for a hearing on Plaintiff's counsel's motion to withdraw as attorney. (ECF 22). During that hearing, Plaintiff spoke at length about her mental health challenges and her failure to appear at the scheduled depositions. Plaintiff assured the Court of her intention to seek treatment and to better participate in this case going forward. Given these circumstances, the Court denied Plaintiff's counsel's motion to withdraw. (*Id.*).

## II.    Legal Standard

The Court has discretion, under Federal Rule of Civil Procedure 37, whether to award sanctions. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Under Rule 37(d)(1)(A)(i), "the court where the action is pending may, on motion, order sanctions if [ ] a party … fails, after being served with proper notice, to appear for that person's deposition[.]" *Kuberski v. Allied*

*Recreational Grp., Inc.,* No. 1:15-CV-320-HAB, 2019 WL 2281633, at *3 (N.D. Ind. May 29, 2019) (citation omitted). Rule 37(d)(3) allows for sanctions found under Rule 37(b)(2(A), which includes dismissal, as well as requiring "the party failing to act … to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Dismissal under Rule 37(b) "requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Roland v. Salem Cont. Carriers, Inc.,* 811 F.2d 1175, 1179 (7th Cir. 1987). "Involuntary dismissal, however, is an extreme sanction which should be used sparingly." *Buckley v. S.W.O.R.N. Prot. LLC*, No. 120-cv-00357-HAB-SLC, 2022 WL 326547, at *2 (N.D. Ind. Feb. 3, 2022) (citation omitted).

### III.    Analysis

It is undisputed that Plaintiff twice received notice of her scheduled depositions and failed to appear. However, an extreme sanction of dismissal in this case would be inappropriate. To warrant dismissal, there must be a showing of willfulness, bad faith, or fault. *Roland,* 811 F.2d at 1179. Plaintiff has been open about her health struggles, and the Court has no reason to believe this explanation for absence is fabricated. Further, the Court's use of the power of dismissal in part has the purpose of deterring certain conduct in federal litigation. *Id.* at 1180. In this case, there is no conduct to deter, given health problems often arise, and parties must navigate them. Missing scheduled depositions due to health issues does not rise to the level of willfulness, bad faith, or fault required to warrant dismissal.

Alternatively, Defendant asks for costs and attorney fees incurred as a result of Plaintiff's failure to appear for the depositions. (ECF 18). The Court must require Plaintiff to pay reasonable expenses, including attorney's fees, unless Plaintiff's failure to appear was

substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). As to the February 25, 2026, deposition, awarding costs and fees would be unjust. Plaintiff explained at the March 24, 2026, hearing and in her response brief that she contacted her attorney prior to the scheduled start time indicating that she was ill with a fever and could not attend her deposition. (ECF 23 at 1). Although the message was discovered later, Plaintiff did take steps to notify the attorneys involved. Given Plaintiff's lengthy explanation of her health challenges and her attempt to reschedule, the circumstances make awarding sanctions for this first scheduled deposition unjust.

However, as to the March 4, 2026, deposition, the Court must award costs and attorney fees. "Even negligence may be a sufficient degree of fault to impose fee-shifting sanctions." *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2021 WL 1165097, at *6 (N.D. Ill. Mar. 26, 2021) (citing *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642–43 (7th Cir. 2011)). After the initial deposition was rescheduled and confirmed with Plaintiff, she slept through her alarm and did not appear. (ECF 23 at 2). Although Plaintiff again cites her health problems, she did not call ahead or attempt to notify counsel that she would not appear. This at least amounts to negligence on Plaintiff's part. Given the low bar of negligence required to compel the Court to award fees and costs, the Court must award costs and fees for this second deposition.

### IV.    Conclusion

Given the above reasoning, Defendant's motion for sanctions (ECF 18) is GRANTED, as to Defendant's request for costs and attorney fees for the March 4, 2026, deposition, but DENIED as to the February 25, 2026, deposition. Defendant's request for dismissal is also DENIED. Defendant is ORDERED to submit a breakdown of costs and attorney fees associated

with the March 4, 2026, deposition on or before April 23, 2026. Thereafter, Plaintiff will be

ORDERED to personally pay Defendant's reasonable costs and fees.

SO ORDERED.

Entered this 9th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge